No. 94-487

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

DUSTY DENNIS BROWN,

     Defendant and Appellant.

FILED

APR 6 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

       David E. Stenerson, Hamilton, Montana

       Kirk Krutilla, Superior, Montana

    For Respondent:

       Honorable Joseph P. Mazurek, Attorney General;
Kathy Seeley, Assistant Attorney General, Helena,
Montana

       Daniel J. Safransky, Deputy County Attorney,
Missoula, Montana

Submitted on Briefs: March 10, 1995

Decided: April 6, 1995

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In a trial before the District Court for the Fourth Judicial District, Missoula County, a jury found Dusty Dennis Brown guilty of negligent endangerment. He appeals. We affirm.

The issue is whether the District Court erred in denying Brown's motion for a directed verdict.

On August 3, 1993, Janet Hatt was driving on U.S. Highway 93 northbound from Missoula, Montana, with her two young daughters as passengers. Hatt heard a gunshot behind her. When she looked in the rearview mirror, she saw a large mustard-yellow car following her vehicle. The arm and hand of the front-seat passenger, a man, were extended from the window on that side, holding a gun.

Hatt saw the shooter fire the gun three more times. It appeared to her that the shots were being fired at an older blue car which had pulled over at the side of the road. Although the gun was not aimed at her, she was frightened for herself and her daughters.

Speeding up, Hatt looked for a safe place to get off the road. She stopped at Joe's Smoke Ring, a business located about a mile from where the shooting occurred. The mustard-yellow car passed without slowing. Hatt ran into the business and called the 911 dispatcher to notify authorities of what she had seen and heard. She then drove on toward her destination.

Six minutes later, a Montana Highway Patrol officer stopped a mustard-yellow Cadillac about six miles north of Joe's Smoke Ring. Hatt, passing by, saw them. She pulled over and told the officer

2

that the Cadillac was the vehicle from which the shots had been fired.

Dusty Dennis Brown was sitting in the front passenger seat of the Cadillac. Two guns, a 9 mm semi-automatic pistol and an M-1 carbine, were in the back seat of the car, along with ammunition for both. The magazine of the pistol, which had been fired since it was last cleaned, was empty. A spent 9 mm casing was found on the floor on the passenger side of the front seat. Brown denied shooting from the Cadillac. The driver and two women riding in the back seat of the car denied knowledge of any shots being fired.

Brown was charged with criminal endangerment, a felony. The jury was instructed on negligent endangerment, a misdemeanor, as a lesser included offense. The jury acquitted Brown of criminal endangerment but found him guilty of negligent endangerment.

Did the District Court err in denying Brown's motion for a directed verdict?

Our standard of review of a denial of a motion for a directed verdict is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. State v. Mummey (1994), 264 Mont. 272, 276, 871 P.2d 868, 870.

Section 45-5-208(1), MCA, defines negligent endangerment:

> A person who negligently engages in conduct that creates a substantial risk of death or serious bodily injury to another commits the offense of negligent endangerment.

Brown's argument on appeal relates to only one aspect of the State's case. According to Brown, § 45-s-208, MCA, requires proof of a substantial risk of death or serious bodily injury to an identified individual. Brown contends that the State failed to produce, as a necessary element of proof for his conviction, testimony by either the occupants of the blue car or occupants of the houses along Highway 93 that they were put at risk of death or serious bodily injury as a result of his conduct.

In creating the statutory offense of negligent endangerment, Montana's legislature also enacted § 45-5-207, MCA, which defines criminal endangerment, a felony requiring the mental state of "knowingly." Ch. 196, L. 1987. The intent was to "plug a hole in the criminal law" and address conduct such as placing poison into aspirin in a store. Minutes of the Montana House Judiciary Committee, February 5, 1987.

Brown lists Montana cases involving prosecutions under the endangerment statutes, and, in each case, he identifies specific individuals put at risk by the conduct charged as criminal. Other than that list of cases, Brown cites no authority for his "identified individual" argument. More importantly, he cites no authority for the proposition that, in a prosecution for negligent endangerment, the individual put at risk must personally testify at trial in support of the State's case.

Hatt testified that there were several homes along Highway 93 on the side of the highway and in the area toward which she saw shots fired. Her testimony was supported by photographs of the

4

**area,** taken by a Missoula County Sheriff's Department officer with whom Hatt returned to the scene of the crime. Hatt's **testimony** further identified the occupant or occupants of the blue car as persons put at risk by the shooting. Additionally, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Hatt and her daughters were put at risk of death or serious bodily injury from the gun fired from the Cadillac as it proceeded down the highway.

We hold that the State presented sufficient evidence of "a substantial risk of death or serious bodily injury to another" to allow this case to be submitted to the jury. We hold that the court did not err in denying Brown's motion for a directed verdict.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5

April 6, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

David E. Stenerson
Attorney At Law
Box 1667
Hamilton MT 59840-1667

KIRK KRUTILLA
P.O. Box 724
Superior, MT 59872

Hon. Joseph P. Mazurek, Attorney General
Kathey Seeley, Assistant
215 N. Sanders
Helena MT 59620

Daniel J. Safransky
Deputy County Attorney
Missoula County Courthouse
Missouia MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

By:_____
Deputy