No. 95-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JESSE JAMES JOHNSON,

Defendant and Appellant.

FILED

MAY 1 4 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce E. Becker, Attorney at Law,
Livingston, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Assistant Attorney General,
Helena, Montana

Tara Depuy, Park County Attorney,
Livingston, Montana

Submitted on Briefs:   March 14, 1996

Decided:   May 14, 1996

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Jesse James Johnson, was charged by information filed in the District Court for the Sixth Judicial District in Park County with the offense of felony criminal mischief, in violation of § 45-6-101, MCA. Following a trial by jury, Johnson was found guilty of the crime charged. Johnson appeals his conviction and sentence. We reverse the judgment of the District Court.

The dispositive issue on appeal is whether the District Court erred when it denied Johnson's motion for a directed verdict?

FACTUAL BACKGROUND

On June 25, 1994, Bobby Jo Sarrazin traveled to Billings with a friend and left her 1983 Honda Accord parked at the U.S. Highway 89 Interchange outside of Livingston. At approximately 2 a.m., Sarrazin returned to her car and discovered that all of her car windows had been broken. She immediately went to the Park County Sheriff's Office and reported the damage. Shortly after she arrived at the sheriff's office it was reported that her car was now on fire; by the time the volunteer fire department arrived at the scene, the car was engulfed in flames.

Following an investigation by the Park County Sheriff's Office, the State charged four individuals with responsibility for the damage to Sarrazin's car. On August 1, 1994, the State filed a complaint against Patricia Zumwalt, a/k/a Sunshine Perez, in which she was accused of criminal mischief, a felony, in violation of § 45-6-101, MCA, for destroying the victim's car and of

obstruction of justice, a misdemeanor. The State also issued a warrant for her arrest at that time. On August 9, 1994, the State charged Eddie Johnson and defendant Jesse James Johnson by information with the offense of criminal mischief, a felony, in violation of § 45-6-101, MCA, for allegedly destroying the victim's car, and also charged Jesse Johnson with criminal endangerment, a felony. D.J., a juvenile, was also charged with criminal mischief.

On September 6, 1994, Sunshine Perez entered into an agreement with the State to defer prosecution. In the agreement, she acknowledged that she had been charged with criminal mischief and that the charges would be dismissed if she successfully completed the terms of the agreement. One of the terms required that she testify for the State against any of the other defendants. In the agreement she was specifically advised as follows:

> (c) That defendant shall appear and testify fully and accurately if she is called as a witness in any proceedings against any of the other defendants.
>
> 5. That defendant understands that if she fails to perform the conditions contained herein, an information will be filed and a trial will be held.
>
> 6. That defendant understands and accepts the responsibilities of the deferred prosecution program and understands that if she satisfactorily abides by and completes the terms and conditions thereof, any charges previously filed in this matter will be dismissed at her request.

On November 1, 1994, Eddie Johnson pled guilty to the criminal mischief charge. On August 15, 1994, Jesse Johnson entered a plea of not guilty to both the criminal mischief and criminal

3

endangerment charges. The State later dismissed the criminal endangerment charge and Johnson was tried for criminal mischief on December 21, 1994. The State also dropped the charges against the juvenile.

Prior to trial, the defendant filed a motion to dismiss for the reason that the State could not prove the crime charged because the only evidence which tended to connect the defendant to the crime was the testimony of Patricia Zumwalt, a/k/a Sunshine Perez, and Eddie Johnson, both of whom were accomplices. The court denied the motion and held that the status of the witnesses would be determined at trial.

The State concedes that at Jesse Johnson's trial the only evidence which connected him to the charged crime came from the testimony of Eddie Johnson and Sunshine Perez. It also concedes that Eddie Johnson was an accomplice to the crime. However, at trial and on appeal, the State has taken the position that Sunshine Perez was not an accomplice and committed no crime. It did so while continuing to threaten her with prosecution for the crime if she did not cooperate with the prosecution of Jesse Johnson.

After the State presented its evidence, Johnson moved for a directed verdict on the grounds that the State had failed to prove its case because it presented only uncorroborated accomplice testimony. The court denied Johnson's motion.

Following the jury trial, Johnson was convicted of criminal mischief and sentenced.

4

DISCUSSION

Did the District Court err when it denied Johnson's motion for a directed verdict?

Pursuant to § 46-16-403, MCA, a trial court **may** direct a verdict of acquittal and dismiss a criminal charge at the close of the State's case when the evidence is insufficient to support a guilty verdict. The standard of review of a district court's denial of a motion for a directed verdict is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Section **46-16-403,** MCA; *State v. Brown* (1995), 270 Mont. 454, 456, 893 P.2d **320, 321.**

In Montana, a person may not be convicted of a crime based solely on the testimony of an accomplice.

> A person may not be found guilty of an offense on the testimony of one responsible or legally accountable for the same offense . unless the testimony is corroborated **by** other evidence that in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense.

Section 46-16-213, MCA. A person is legally accountable for the conduct of another when:

> (3) either before or during the commission of an offense with the purpose to promote or facilitate such commission, <u>he solicits, aids, abets, agrees, or **attempts** to aid such other person in the planning or commission of the offense.</u>

Section 45-2-302(3), MCA (emphasis added).

5

The State contends that the District Court did not err when it denied Johnson's motion for a directed verdict because Sunshine's status as an accomplice was for the jury to decide after proper instruction by the court. The State does not contend that Sunshine's testimony was corroborated by other non-accomplice testimony.

Johnson contends that the State should be precluded from disavowing Sunshine's role as an accomplice while at the same time threatening to prosecute her for the same offense pursuant to a deferred prosecution agreement.

The issue of whether a witness for the State is an accomplice is--unless such fact is undisputed--for the *jury,* based on proper instruction from the court. *State v. Gonyea* (1987), *225* Mont. 56, 57, *730* P.2d 424, 425 (citing *State v. Slothower* (1919), 56 Mont. 230, 232, *182* P. 270, 271). The State contends that Sunshine's role as an accomplice was in dispute; however, in this case, the State filed a criminal complaint against Sunshine for the offense of felony criminal mischief and then arrested Sunshine pursuant to a warrant issued by the Justice of the Peace. The State did not dismiss the charges against Sunshine Perez prior to Johnson's trial, but instead, entered into a deferred prosecution agreement with her which required her to testify against Johnson at the trial or face further prosecution herself for the same crimes.

Montana law provides that before any criminal charge can be brought against an individual or an arrest made, probable cause to

believe that the person has committed the crime is required. Section 46-11-110, MCA; Section 46-6-201, MCA. Specifically, § 46-11-110, MCA, provides:

> When a complaint is presented to a court charging a person with the commission of an offense, the court shall examine the sworn complaint or any affidavits, if filed, to determine whether probable cause exists to allow the filing of a charge.

Section 46-6-201, MCA, provides in part:

> If it appears . . that there is probable cause to believe that the person against whom the complaint was made has committed an offense, a warrant shall be issued by the court for the arrest of the person complained against.

The Rules of Professional Responsibility adopted by this Court preclude prosecution which is not supported by probable cause. Rule 3.8 provides that "[t]he prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause." "Probable cause is . . . the concurrence of the belief of guilt with the existence of facts and circumstances reasonably warranting the belief." *state ex rel. Wong You v. District Court* (1938), 106 Mont. *347, 353, 78* P.2d 353, 355; *see also State v. Lynn* (1990), 243 Mont. 430, 434, 795 P.2d 429, 432.

> Nevertheless, on appeal the State argues that Sunshine
>
> was a passenger in a vehicle in which criminal activity was discussed. She knew what was unfolding and was present when the offense was committed. Nonetheless, she did not share a common intent with Appellant to set fire to the vehicle nor did she unite in the planning, preparation or commission of the offense. Given these facts, the jury was warranted in concluding that Sunshine Perez **was** not an accomplice so that her testimony need

7

not have been corroborated under Mont. Code Ann. § *46-16-213.*

The State cites prior cases, including *State v. Duncan (1991)*, 247 Mont. 232, 805 P.2d 1387, in which we have found witnesses were not accomplices and contends those holdings are applicable in this case. However, *Duncan* and other cases in which we have considered accomplice status are distinguishable from this case. In previous cases involving accomplice witnesses, the State has never maintained that the witness was not involved in the crime for purposes of trying a defendant, while at the same time threatening to prosecute the witness for the same offense pursuant to a deferred prosecution agreement. *See, e.g., Duncan, 247* Mont. 232, 805 P.2d 1387; *State v. Paulson* (1991), 250 Mont. *32, 817* P.2d 1137; *State v. Nordahl* (1984), 208 Mont. 513, *679* P.2d 241; *State v. Harmon* (1959), *135* Mont. 227, 340 P.2d 128. In fact, in *Paulson,* in which we considered whether § *46-16-213,* MCA, applied to require corroborating testimony, we reasoned that one who is chargeable with the same crime as a defendant is an accomplice. *Paulson,* 135 Mont. at 37-38, *817* P.2d at 1140. In that case, we considered the status of two witnesses and concluded that § 46-16-213, MCA, did not apply because "[n]either [witness] were[sic] chargeable with the crimes for which [defendant] was convicted." *Paulson,* 250 Mont. at 38, 817 P.2d at 1140. Here, Sunshine was not only chargeable with criminal mischief, but was also charged and arrested for the crime.

Moreover, the State did not dismiss those charges prior to trial. We find these distinctions critical.

Therefore, we conclude that the threat of continued prosecution of Sunshine for the same crime Johnson was charged with and tried for was an admission by the State that she was an accomplice to the crime. To procure her testimony by such a threat and then argue to the Johnson jury that there is no basis for finding that she was accountable for the crime was the kind of duplicitous conduct by an officer of the court that cannot be sanctioned by the law.

This conclusion is consistent with decisions from other states which consider one who can be charged with the same offense as the defendant an accomplice or which consider a witness indicted for the same crime an accomplice as a matter of law. *See, e.g., Ramirez-Garza v. State* (Nev. 1992), *832* P.2d 392, *392-93; People v. Fauber (Cal. 1992)*, *831* P.2d 249, *272-73; State v. Shelley* (Or. Ct. App. 1991), 821 P.2d 1111, 1113; *Spears v. State* (Okla. Crim. App. 1995), 900 P.2d 431, 440; *Ex Parte Zepeda* (Tex. Crim. App. 1991), 819 S.W.2d 874, 876; *Clinton v. Commonwealth* (Va. 1963), 130 S.E.2d 437, 443; *State v. Bailey (N.C.* 1961), 119 S.E.2d 165.

Based on the foregoing analysis, we reverse the District Court's denial of Johnson's motion for a directed verdict and reverse Johnson's conviction for felony criminal mischief.

_____
Justice

9

We concur:

_____
       Chief Justice


_____


_____


_____
      Justices

May 14, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Bruce E. Becker
Attorney at Law
P.O. Box 1113
Livingston, MT 59047

Hon. Joseph P. Mazurek, Attorney General
Jennifer Anders, Assistant
Justice Bldg.
Helena, MT 59620

Tara Depuy
Park County Attorney
414 E. Callender St.
Livingston, MT 59047


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy