No. 97-353

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 342

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD WESLEY ROSE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

The Honorable Roy Rodeghiero, Judge presiding.

## COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Cregg W. Coughlin, Assistant Attorney General, Helena, Montana; John Bohlman, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: July 16, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. A jury in the Fourteenth Judicial District Court, Musselshell County, found Richard Wesley Rose guilty of criminal possession of dangerous drugs and accountability for an aggravated burglary. He appeals. We reverse and remand in part and affirm in part.

¶2. The issues are whether Rose's counsel rendered ineffective assistance by failing to request a jury instruction that the testimony of Ross Albrecht must be viewed with distrust, and whether there was sufficient evidence to convict Rose on each of the two charges against him. Because we conclude that Rose was not accorded effective assistance of counsel in relation to the burglary charge, we do not reach the issue of whether there was sufficient evidence to support his conviction of accountability for aggravated burglary.

¶3. This proceeding arose from Rose's activities on the night of September 29-30, 1996. That evening, Ross Albrecht visited Rose at his apartment in Roundup, Montana. Both men consumed beer, which Rose supplied, and prescription medication, which Albrecht supplied. At about 10:00 p.m., Rose gave Albrecht a ride to the apartment building where the mother of Albrecht's child lived. According to Rose, Albrecht asked Rose to wait in the van while he went to see if the mother of his child was at home. According to Albrecht's testimony at Rose's trial, the plan was for Rose to wait in the van while Albrecht burglarized Enjoy Sports, a nearby sporting goods store in downtown Roundup.

¶4. At about 3 a.m., the Musselshell County Sheriff's Office received a call that an alarm was sounding at Enjoy Sports. Officers found Albrecht coming out of the back door of the building. They pursued him on foot a short distance to a narrow alleyway where he was apprehended. Albrecht, who was very lethargic and "[a]ppeared to be under the influence of something," had in his possession a handgun, a bottle of salmon eggs, and two packages of propane cigarette lighters, all of which bore Enjoy Sports price tags. He also had in his possession several items which he later said Ross had supplied to him: a black-handled Phillips tip screwdriver, a syringe containing residue of the controlled substance Diazepam, and five .22 caliber CCI brand bullet

cartridges. Later that morning, the sporting goods manager of Enjoy Sports found other items in the narrow opening between buildings where Albrecht had been caught: a sharpening stone, Zigzag rolling papers, a red-handled flat-tipped screwdriver, a Western brand Bowie knife with the initials "D.R." embossed on its sheath, and a .22 caliber Jennings semiautomatic pistol.

¶5. The inside of Enjoy Sports was trashed. The ceiling was damaged and items were overturned from what Albrecht admitted was his entry through a roof vent. Other merchandise racks were tipped over, store items were strewn about, a gun case was broken, and fourteen handguns were scattered about the floor of the store. Shots had been fired out through a front window of the store, and into a telephone box on a wall inside. Another gun, apparently thrown through a window, was found on the sidewalk in front of the store.

¶6. After Albrecht was handcuffed and placed in the back seat of a police car, officers heard a horn honking. Investigating, they found Rose sitting in the driver's seat of the van, slumped over the steering wheel. Rose at first did not seem to notice the officers, who arrested him for DUI and helped him to a police car. In the driver's door pocket of the van, which was owned by Rose's live-in girlfriend, officers found a plastic baggie containing a bent spoon with the initial "R" on it's handle. The spoon contained residue of methamphetamine.

¶7. After his arrest, and while he was in the county jail where Rose was being held, Albrecht executed two written statements in which he claimed that Rose was not involved in the burglary. He stated that he had asked Rose for a ride to the apartment building but did not tell him of his burglary plans. Albrecht later pled guilty to the burglary.

¶8. At Rose's trial, Albrecht contradicted his earlier written statements, testifying that he had executed them under pressure from Rose. He gave a detailed description of the planning of the burglary by himself and Rose. Albrecht testified that, for purposes of the burglary, Rose supplied him with the sharpening stone, red-handled flat-tip screwdriver, Bowie knife, and the .22 caliber semiautomatic pistol in his possession when he was arrested.

¶9. Rose, who testified on his own behalf, denied that he gave any of those items to Albrecht or that he had any knowledge of Albrecht's burglary plans. Rose speculated

that Albrecht must have taken these things from Rose's home and van and secreted them on his person when Rose was not looking.

¶10. The jury found Rose guilty of both offenses with which he was charged. He appeals.

Issue 1

¶11. Did Rose's counsel render ineffective assistance by failing to request a jury instruction that the testimony of Ross Albrecht must be viewed with distrust?

¶12. "A criminal defendant is denied effective assistance of counsel if: (1) his counsel's conduct falls short of the range reasonably demanded in light of the Sixth Amendment of the United States Constitution; and (2) counsel's failure is prejudicial." *State v. Chastain* (1997), 285 Mont. 61, 63, 947 P.2d 57, 58, *citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

¶13. We first consider whether the conduct of Rose's counsel fell short of the range reasonably demanded. A jury is to be instructed on all proper occasions that "the testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust." Section 26-1-303(4), MCA. Whether a witness for the prosecution is an accomplice is generally a question for the jury, unless the fact is undisputed. *State v. Johnson* (1996), 276 Mont. 447, 451, 918 P.2d 293, 295. However, the State's prosecution of one person for the same crime for which the defendant is tried constitutes an acknowledgment that the person is an accomplice to the crime. *Johnson*, 276 Mont. at 452, 918 P.2d at 296.

¶14. In this case, Albrecht was charged with and pleaded guilty to the offense for which the State claimed Rose was accountable. Albrecht's testimony was that of an accomplice, because Albrecht was an accomplice as a matter of law.

¶15. In *State v. Laubach* (1982), 201 Mont. 226, 653 P.2d 844 *overruled in part*, *State v. Johnson* (1993), 257 Mont. 157, 848 P.2d 496, this Court reversed a conviction due to the trial court's failure to instruct the jury based on this statutory language, even though the court had instructed the jury that it could not convict based on the testimony of one legally accountable for the crime unless the testimony was

corroborated by other evidence. This Court held that the language of the statute was mandatory and the error so obvious that "the State should have confessed the error and agreed to a retrial even if the defendant did not prevail on the question of the sufficiency of the corroborating evidence." *Laubach*, 201 Mont. at 231, 653 P.2d at 847.

¶16. This Court later overruled *Laubach* "to the extent that it requires giving the instruction in all cases involving accomplice testimony." *Johnson*, 257 Mont. at 163, 848 P.2d at 499. The Court noted that the record in *Johnson* disclosed significant accomplice testimony and the instruction should have been given had defense counsel requested it. At issue was whether Johnson's attorney rendered ineffective assistance for failing to request the instruction. This Court held that the accomplice instruction could have been considered inconsistent with the proffered defense that Johnson was not present at the scene of the crime. Thus, under the circumstances of the case, counsel's decision was tactical, and the Court held that Johnson was accorded effective assistance. *Johnson*, 257 Mont. at 163, 848 P.2d at 499.

¶17. The State also cites *Petition of Gillham* (1985), 218 Mont. 187, 707 P.2d 1100. There, we concluded that the failure of a defense attorney to request a jury instruction on accomplice testimony did not meet the requirements necessary to establish ineffective assistance of counsel. In that case, trial counsel stated he withdrew the instruction because he considered it inapplicable. *Gillham*, 218 Mont. at 191-92, 707 P.2d at 1102-03.

¶18. In the present case, however, there is no indication that counsel made a tactical decision not to request an instruction on accomplice testimony. The State acknowledges that such an instruction would have been appropriate, and neither the briefs nor the record contain any explanation as to why the defense did not request it. Certainly there is no reasonable tactical or strategic reason for failing to provide an instruction on the jury's consideration of an accomplice's testimony when, as in this case, the accomplice testifies that the accused came up with the idea for the burglary, identified the items to be taken, provided the tools with which to commit the offense, and provided transportation to the scene.

¶19. To support the prejudice element of a claim of ineffective assistance of counsel, a defendant need not demonstrate that he would have been found not guilty had his counsel taken different action. He must establish only that there is a reasonable

probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Here, the distinction between what the jury was told and what it should have been told is significant. The jury was instructed only in general terms relative to the weight to be given the testimony of witnesses. It should have been specifically instructed that it should view the testimony of Albrecht, an accomplice, with distrust. An instruction concerning accomplice testimony would have gone to the heart of the defense that Albrecht was not telling the truth when he said Rose was involved with him in the burglary of Enjoy Sports.

¶20. We conclude that counsel's performance in this case fell short of the range reasonably demanded and that this failure was prejudicial to Rose. We hold that Rose's counsel rendered ineffective assistance by failing to request that a jury instruction on accomplice testimony be given, in violation of Rose's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24 of the Montana Constitution. We therefore reverse Rose's conviction of accountability for aggravated burglary.

Issue 2

¶21. Is there sufficient evidence to support Rose's conviction of possession of dangerous drugs?

¶22. Because there is nothing to indicate that Albrecht was an accomplice or was claimed to be an accomplice to Rose in relation to the possession charge, the ineffective assistance of counsel arguments do not apply to that conviction and we examine this issue on its merits. The standard of review of sufficiency of evidence on appeal is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Ahmed* (1996), 278 Mont. 200, 212, 924 P.2d 679, 686; *cert. denied* ___ U.S. ___, 117 S.Ct. 748, 136 L.Ed.2d 686 (1997).

¶23. Rose argues that he was unaware of the presence of the methamphetamine-laden spoon in the van, so that he cannot properly be convicted of possession of dangerous drugs pursuant to § 45-9-102, MCA, which requires proof of "knowing control of the drugs for a sufficient time to be able to terminate control." *State v. Harper* (1997), 284 Mont. 185, 188, 943 P.2d 1255, 1257. The basis for this contention

is Rose's own testimony that he was unaware of the presence of the drug in the van.

¶24. Credibility of witnesses and the weight to be given to their testimony are to be determined by the trier of fact, and disputed questions of fact and credibility will not be disturbed on appeal. *Ahmed*, 278 Mont. at 212, 924 P.2d at 686. The trier of fact is not required to blindly accept the defendant's version of the facts. *State v. Brogan* (1993), 261 Mont. 79, 87, 862 P.2d 19, 24. Moreover, "[i]f events are capable of different interpretations, the trier of fact determines which is most reasonable." *Brogan*, 261 Mont. at 87, 862 P.2d at 24.

¶25. The jury was presented with evidence that Rose was driving the van in which the methamphetamine-laden spoon was found. The spoon, which had his initial, "R," and which Rose admitted was similar to other spoons in his house, was found in the driver's door pocket of the van, within Rose's immediate reach. In addition, the jury was entitled to consider Rose's own testimony that he used illegal drugs on the night of the burglary.

¶26. Possession of a dangerous drug may be either actual or constructive. *See, e.g., State v. Neely* (1993), 261 Mont. 369, 862 P.2d 1109.

Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or the joint dominion and control of the accused and another person.

*Neely*, 261 Mont. at 374, 862 P.2d at 1112, citing State v. Meador (1979), 184 Mont. 32, 43, 601 P.2d 386, 392.

¶27. Based on the evidence presented to the jury in this case, a rational trier of fact could have found that Rose had constructive possession of the methamphetamine-laden spoon in the driver's door pocket of the van. We therefore affirm Rose' conviction on that count.

¶28. In summary, we hold that Rose was not afforded effective assistance of counsel as to the charge of accountability for aggravated burglary and that this was prejudicial to his defense. We reverse his conviction on that count and remand for further proceedings consistent with this Opinion. We affirm Rose's conviction of

**criminal possession of dangerous drugs.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART