No. 02-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 288

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DAWN MALONEY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 2000-233
The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William A. Bartlett, Jennifer Wendt Bordy, Angel Law Firm, Bozeman, Montana

        For Respondent:

            Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant Montana Attorney General, Helena, Montana; Marty Lambert, Gallatin County Attorney, Todd S. Whipple, Deputy Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  January 16, 2003

Decided:  October 21, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Dawn Maloney appeals from her February 21, 2002 conviction of felony attempted theft following a jury trial in the Eighteenth Judicial District Court, Gallatin County.  We affirm.

## ISSUES

¶2     Maloney presents two issues on appeal:

¶3     1.     Did the District Court abuse its discretion when it denied Maloney's motion for a directed verdict on the charge of attempted theft?

¶4     2.     Did the District Court's refusal to submit Maloney's instruction on determining the property's value prejudicially affect her rights by preventing the jury from receiving a full and fair instruction on the law applicable to the case?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     Dawn Maloney purchased a 1986 Chrysler Fifth Avenue sedan from a used car sales lot for $150 in December 1999.  In February 2000, she obtained a $200 loan secured by the car's title from Montana Title Pawn.  Maloney did not repay the loan, and the car was repossessed on April 8, 2000.

¶6     Maloney reported to her insurance company, State Farm, that the car had been stolen. A claims representative told Maloney that she needed to submit an Affidavit of Vehicle Theft (AVT) and a police report in order for State Farm to settle her claim.  Shortly after speaking with the claims representative, Maloney went to Montana Title Pawn and asked how she could redeem the car.  On May 3, 2000, she filed a report with the Bozeman police

2

department and also executed an AVT, which she submitted to State Farm. She did not attempt to redeem the car.

¶7 In the AVT, Maloney stated that she had paid $150 for the car, and that the amount for which she was making the claim was $2,575. She listed the odometer reading as 26,000 miles, and stated that the car had "good" paint and body, and "excellent" transmission and engine, at the time of the purported theft.

¶8 A State Farm Insurance Claim Specialist investigated Maloney's claim and discovered that her car had not been stolen, but had, in fact, been repossessed by Montana Title Pawn. State Farm denied her claim.

¶9 Maloney was charged with Attempted Theft, a Felony, in violation of § 45-4-103 and § 45-6-301, MCA (1999); False Reports to Law Enforcement Authorities, a Misdemeanor, § 45-7-205, MCA (1999); and False Swearing, a Misdemeanor, § 45-7-202, MCA (1999). The False Swearing charge was dropped during the trial.

¶10 Maloney was tried before a jury on February 21, 2002. After the close of the State's case, she moved for a directed verdict on the ground that the State failed to prove the element of value necessary to convict an accused of the offense of felony attempted theft. The District Court denied the motion.

¶11 During the settlement of jury instructions, Maloney requested that the jury be instructed as to how to determine the value of the property at issue. The District Court ruled that "value" was adequately addressed in the lesser included offense instruction and refused to give Maloney's proposed instruction.

3

¶12 The jury found Maloney guilty of the two charges. Maloney appeals her conviction on the felony attempted theft charge.

## STANDARD OF REVIEW

¶13 Our standard of review of a trial court's decision to deny a criminal defendant's motion for a directed verdict is for abuse of discretion. *State v. Brady*, 2002 MT 282, ¶ 20, 302 Mont. 174, ¶ 20, 13 P.3d 941, ¶ 20 (citations omitted). When the evidence in a criminal case is insufficient to support a guilty verdict, the trial court may dismiss the action and discharge the defendant. Section 46-16-403, MCA. A defendant is entitled to a directed verdict of acquittal if reasonable persons could not conclude from the evidence, taken in a light most favorable to the State, that guilt was proven beyond a reasonable doubt. *Brady*, ¶ 20 (citations omitted).

¶14 Our standard of review of a jury instruction in a criminal case is whether the instruction fully and fairly instructed the jury on the law applicable to the case. Since a trial court has broad discretion when instructing a jury, reversible error will occur only if the jury instructions prejudicially affect the defendant's substantial rights. *State v. Strauss*, 2003 MT 195, ¶ 47, 317 Mont. 1, ¶ 47, 74 P.3d 1052, ¶ 47 (citing *State v. Courville*, 2002 MT 330, ¶ 15, 313 Mont. 218, ¶ 15, 61 P.3d 749, ¶ 15). When a proposed jury instruction is adequately covered by a given instruction, it is not erroneous for a trial court to refuse the proposed instruction. *State v. DuBray*, 2003 MT 255, ¶ 92, ____ Mont. ____, ¶ 92, ____ P.3d ____, ¶ 92 (citations omitted).

## DISCUSSION

4

## ISSUE ONE

**¶15    Did the District Court abuse its discretion when it denied Maloney's motion for a directed verdict on the charge of attempted theft?**

¶16    At the close of the State's case, Maloney moved for a directed verdict on the grounds that the value of the property at issue had not been established.  Under § 45-6-301(7), MCA (1999), theft of property not exceeding $1,000 in value is a misdemeanor, while theft of property exceeding $1,000 in value is a felony.  Section 45-2-101(76)(b), MCA (1999), provides: "When it cannot be determined if the value of the property is more or less than $1,000 . . . its value is considered to be an amount less than $1,000."

¶17    Maloney argues that the State did not present sufficient evidence from which a jury could find beyond a reasonable doubt that the property at issue was valued at more than $1,000, and thus the value had to be considered as less than $1,000 per § 45-2-101(76)(b), MCA.  She maintains that State Farm would not have paid the full amount of the claim, and that the State failed to put on evidence to establish conclusively what her claim was actually worth.  Maloney argues that the only substantial evidence presented valued the car at either $150 (the purchase price) or $200 (the title loan amount).

¶18    Maloney does not argue that the property at issue is the car; she argues that the property at issue is the insurance claim, and that the "value" is the actual value of the insurance claim, not the amount she requested on the AVT.  Maloney argues that an insurance company does not generally pay the full amount demanded on an insurance claim,

5

and that the State had the burden of establishing how much State Farm would have actually paid on her claim, in order to establish its value.

¶19    The State argues that the value of the property is $2,575, the amount Maloney requested from State Farm. The State points out that there is a difference between actual theft and attempted theft in terms of property value. At trial, the State argued that a bank robber who grabs $10,000 but drops $5,000 on the way out the door *attempted* to steal $10,000. Following this reasoning, the State maintains that Maloney attempted to steal $2,575 from State Farm. Had State Farm not discovered her deception, it may have paid her less than $1,000 on her claim, but that would not affect the amount she *attempted* to steal. The fact that she did not receive the funds in the amount that she requested does not negate the fact she attempted to acquire them.

¶20    Maloney points to this Court's holding in *State v. Martin*, 2001 MT 83, 305 Mont. 123, 23 P.3d 216, in which we concluded that the property's value is an essential element in a felony theft case and that it must be proven beyond a reasonable doubt. *Martin,* ¶¶ 60-61. However, Martin is of no assistance here. In Maloney's case, the property at issue was not the car, but, rather, was the insurance claim. Maloney herself stated in the AVT that she believed her claim to be worth $2,575. Whether or not State Farm would have paid Maloney $2,575 for the car is irrelevant to the question of how much money she *attempted* to gain from the insurance company.

¶21    Maloney concedes that the District Court was required to view the evidence in the light most favorable to the State when considering her motion. She further concedes that the

6

law recognizes the ability of an owner to express the value of her property. The District Court determined that there was sufficient evidence presented for the jury to be able to determine whether or not the property which Maloney attempted to steal was valued at greater than $1,000. We agree.

¶22 Thus, we conclude that the District Court did not abuse its discretion when it denied Maloney's Motion for a Directed Verdict.

## ISSUE TWO

¶23 **Did the District Court's refusal to submit Maloney's instruction on determining the property's value prejudicially affect her rights by preventing the jury from receiving a full and fair instruction on the law applicable to the case?**

¶24 Maloney argues that the jury should have been given her Proposed Instruction Number Four, which, drawing from § 45-2-101(76)(b), MCA, read,

> 'Value' means the market value of the property at the time and place of the crime. When it cannot be determined, beyond a reasonable doubt, if the value of the property is more or less than $1,000, its value is considered to be an amount less than $1,000.

¶25 The State objected to the submission of this proposed instruction, arguing that the property at issue was the insurance claim and that the value of the claim is the amount requested by the alleged wrongdoer. The State argued that a person who requests over $1,000 while perpetuating a lie is committing an attempted felony theft.

¶26 The District Court rejected Maloney's proposed instruction, and gave the following as Instruction Number 13:

> The Defendant is charged with attempted theft of property of a value in excess of $1,000. Attempted theft of property of a value of less than $1,000, is a lesser included offense. A lesser-included offense is one that is less serious than the

7

charged offense. The Defendant cannot be convicted of more than one of these offenses.

Therefore, after considering all of the evidence as it pertains to the charge, and the lesser included offense, you should first consider the verdict on the greater offense of attempted theft. If you are unable after reasonable effort to reach a verdict on the greater offense, you may consider the lesser offense of attempted theft of property of a value less than $1,000.

In the event you find the Defendant guilty of attempted theft of property of a value in excess of $1,000, you need to go no further as you will have reached a verdict on this charge and shall proceed to the charge of false report.

In the event you find the defendant guilty of the lesser included offense of attempted theft of property of a value less than $1,000, then you need go no further as you have reached a verdict on this charge and shall proceed to the charge of false report.

¶27 While an instruction in a criminal case must contain an explanation of the crime, it need not contain the exact statutory language. *State v. Campbell* (1972), 160 Mont. 111, 114, 500 P.2d 801, 803. Furthermore, District Courts are given broad discretion in instructing the jury, and while a defendant is entitled to have the jury instructed on her theory of the case, she is not entitled to an instruction concerning every nuance of her argument. *State v. Long* (1995), 274 Mont. 228, 234, 907 P.2d 945, 948 (citations omitted).

¶28 The lesser included offense instruction given to the jury gave it the opportunity to consider the lesser included offense if the jury could not agree that the property's value exceeded $1,000. Furthermore, Maloney had the opportunity to argue that the claim did not have a value exceeding $1,000, and in fact did so during closing arguments.

¶29 We conclude that the District Court's tendered instruction adequately informed the jury that value is an element of the charged offense and that it must determine that the value of the property at issue exceeded $1,000 in order to find Maloney guilty of the greater

8

offense. Although Maloney's proposed instruction did more precisely follow the language of § 45-2-101(76)(b), MCA, it would have been largely redundant to Instruction 13 and would have added little to the jury's understanding of the law.

¶30    Having determined that the element of value was adequately covered in another instruction, we conclude that the District Court's refusal to offer Maloney's Proposed Instruction Number Four did not prejudicially affect her substantial rights.

## CONCLUSION

¶31    For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JAMES C. NELSON