No. 03-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 347

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

DUANE DAVID GRAY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                  In and For the County of Silver Bow, Cause No.  DC 2002-75,
                  Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Kristina Guest, Assistant Appellate Defender, Helena, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Robert Stutz, Assistant
              Attorney General, Helena, Montana

              Robert McCarthy, County Attorney; Bradley G. Newman, Deputy
              County Attorney, Butte, Montana

                           Submitted on Briefs:  July 28, 2004

                                Decided:   December 7, 2004

Filed:

                        _____
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Duane David Gray (Gray) appeals from the judgment entered by the Second Judicial District Court, Silver Bow County, finding him guilty of criminal mischief, assault on a peace officer, and resisting arrest. We affirm.

¶2 The following issues are raised on appeal:

¶3 Should the Court undertake review of a challenge to a jury instruction to which the defendant did not object at trial under the plain error doctrine?

¶4 Did the District Court err in failing to instruct the jury that they must reach an unanimous verdict as to which officer was caused reasonable apprehension of fear?

¶5 Did Gray's defense counsel provide ineffective assistance of counsel in failing to object to the instruction?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 On the morning of June 5, 2002, demolition proceedings began on Gray's former residence located on Grand Avenue in Butte, Montana. At the demolition site, several peace officers were present, including Officer Katie Graham (Officer Graham), Officer Russ Robertson (Officer Robertson), and Officer John Bleile (Officer Bleile). Four patrol vehicles were parked in the parking lane of Grand Avenue in front of the residence, each respectively designated as Cars 6, 7,11, and 12. Officer Graham, Officer Bleile, and Officer Robertson were standing in front of the residence when they noticed Gray driving his truck down Grand Avenue toward the residence. The officers stepped out into Grand Avenue under the assumption that Gray might stop to discuss the demolition proceedings. As Gray approached

2

the residence, he did not stop, but instead began to drive his truck into each of the four patrol vehicles parked in front of the residence.

¶7     Officer Graham testified that soon after the officers stepped out onto Grand Avenue, Gray accelerated his truck and first struck Car 11, after which time the officers quickly retreated. Gray then struck Car 7 with enough force to cause his truck to become entangled with Car 7. Consequently, Gray backed up his truck and successfully disentangled the two vehicles. When Gray went into reverse, Officer Bleile testified that Gray's truck "made contact" with his lower left leg. Gray's vehicle then proceeded down the street and rammed Cars 12 and 6. Thereafter, Gray drove away from the scene, proceeding east down Grand Avenue.

¶8     The officers got into those vehicles which were still in working condition after the attacks and pursued Gray. Sergeant Ed Lester (Sergeant Lester), who heard Officer Graham's radio request for assistance, spotted Gray's truck and subsequently followed Gray until he stopped, got out of his truck, and ran to a residence located at 1900 Carolina, which belonged to his mother, Eleanor Reed (Reed). The officers entered Reed's home and eventually found Gray in a metal storage closet in the backyard and arrested him.

¶9     On June 17, 2002, the State charged Gray with four counts of felony criminal mischief, one count of assault on a peace officer, and one count of resisting arrest. Trial began on December 10, 2002, and on the second day of trial, jury instructions were settled in chambers. At that time, Gray's defense counsel requested that the District Court revise Instruction 11a, regarding the offense of assault on a peace officer, by naming the specific

3

officers at issue. The State did not object to the amendment, and the District Court revised the instruction as requested by defense counsel and subsequently gave the instruction to the jury. On the same day, the jury returned a verdict of guilty on all counts.

¶10 On March 28, 2003, the District Court issued a judgment whereby Gray was sentenced to two years in prison for the count of assault on a peace officer, five years–to run consecutively with the assault count–under the persistent felony offender statute, and ten years for each felony mischief count to run concurrent with each other, but consecutive to the assault count. The District Court suspended the criminal mischief sentences.

¶11 On April 24, 2003, Gray appealed.

## STANDARD OF REVIEW

¶12 We review jury instructions in a criminal case to determine whether the instruction fully and fairly instructed the jury on the law applicable to the case. *State v. Maloney*, 2003 MT 288, ¶ 14, 318 Mont. 66, ¶ 14, 78 P.3d 1214, ¶ 14. Trial courts have broad discretion when instructing juries and therefore reversible error will occur only if the jury instructions prejudicially affect the defendant's substantial rights. *State v. Strauss*, 2003 MT 195, ¶ 47, 317 Mont. 1, ¶ 47, 74 P.3d 1052, ¶ 47.

¶13 When a defendant raises the plain error doctrine to request our review regarding issues that were not objected to at the district court level, our review is discretionary. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20. The plain error doctrine is to be used sparingly on a case-by-case basis and will be considered in light of the totality of circumstances of each case. *Daniels*, ¶ 20.

4

¶14     We review claims of ineffective assistance of counsel on direct appeal by applying the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, whereby the petitioner must show that: (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense whereby such prejudice denied the defendant a fair trial.  *Daniels,* ¶ 21.  We will presume that counsel's assistance was effective.  *Daniels*, ¶ 22.

## DISCUSSION

¶15     **Should the Court undertake review of a challenge to a jury instruction to which the defendant did not object at trial under the plain error doctrine?**

¶16     Gray acknowledges that no objection to the instruction he challenges on appeal was made in the District Court.  Gray contends however, that the instruction, addressing the offense of assault on a peace officer, is fundamentally unfair and justifies application of the plain error doctrine.  Gray asserts that there was uncertainty as to whether the jurors were unanimous in their verdict, because they were not instructed to unanimously agree on the same specific set of facts.  Although he does not deny that the District Court gave a general unanimity instruction, he argues that a specific unanimity instruction regarding this offense was necessary because the jurors may not have determined definitively which officer was caused reasonable apprehension of fear.  The District Court instructed the jury as follows:

> To convict the defendant of ASSAULT ON A PEACE OFFICER as charged
> in Count V of the Information, the State must prove the following elements:

1. That the defendant caused reasonable apprehension of serious bodily injury in a peace officer; specifically Officer Katie Graham, Officer Russ Robertson, **or** Officer John Bleile;
2. That the defendant acted purposely or knowingly; and
3. That the defendant did so on or about June 5, 2002 in Silver Bow County, Montana.

¶17 Gray contends that this instruction allowed the jury to convict Gray of felony assault for causing reasonable apprehension of fear in either Graham, Robertson, or Bleile, and, therefore, it is impossible to determine whether the jury agreed to one specific set of facts. He argues that the instruction violates the unanimity requirement whereby the jury must be in agreement as to the principal factual elements underlying the offense. *State v. Hardaway*, 2001 MT 252, ¶ 70, 307 Mont. 139, ¶ 70, 36 P.3d 900, ¶ 70. Finally, Gray maintains that, even though his defense counsel acquiesced to the improper jury instructions, Gray's fundamental right to a unanimous jury verdict remains inviolate and therefore plain error review is appropriate.

¶18 The State argues that, in light of defense counsel's acquiescence, this Court should not undertake review of the challenged instruction, absent a showing under § 46-20-701(2), MCA, which requires that:

Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. A claim alleging an error affecting . . . constitutional rights may not be noticed on appeal if the alleged error was not objected to as provided in 46-20-104, unless the convicted person establishes that the error was prejudicial as to the convicted person's guilt or punishment and that:
(a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
(b) the prosecutor, the judge, or a law enforcement agency suppressed evidence . . .; or

6

> (c) material and controlling facts upon which the claim is predicated were not known to the convicted person . . . and could not have been ascertained by the exercise of reasonable diligence.

The State contends that Gray did not argue that any of these statutory exceptions apply and therefore this Court should decline to review Gray's jury instruction challenge.

¶19 In *State v. Kennedy*, 2004 MT 53, 320 Mont. 161, 85 P.3d 1279, we stated that, "[a]n objection concerning jurisdictional or constitutional matters must be raised before the trial court . . . and if the objection is not made, it will not be heard on appeal." *Kennedy*, ¶ 28 (citing *State v. LaDue*, 2001 MT 47, ¶ 28, 304 Mont. 288, ¶ 28, 20 P.3d 775, ¶ 28). Thus, we will not review a claim that was not properly preserved for appeal unless it constitutes plain error. *Daniels*, ¶ 26. We stated in *Finley* that, notwithstanding the criteria in § 46-20-701(2), MCA, if failure to review a claimed error results in a "manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process," we will invoke plain error review. *Finley*, 276 Mont. at 137, 915 P.2d at 215. *See also State v. Weaver*, 1998 MT 167, ¶ 25, 290 Mont. 58, ¶ 25, 964 P.2d 713, ¶ 25.

¶20 We have also maintained that we will not put a district court in error for an action in which the appealing party acquiesced or actively participated. *State v. Micklon*, 2003 MT 45, ¶ 10, 314 Mont. 291, ¶ 10, 65 P.3d 559, ¶ 10. *See also State v. Minez*, 2004 MT 115, ¶ 31, 321 Mont. 148, ¶ 31, 89 P.3d 966, ¶ 31. We have also held that acquiescence in error takes away the right of objecting to it. *State v. Gardner*, 2003 MT 338, ¶ 44, 318 Mont. 436, ¶ 44, 80 P.3d 1262, ¶ 44.

¶21 Here, Gray not only failed to contemporaneously object to the jury instruction for assault on a peace officer, but specifically asked the District Court to add language he now argues is insufficient. Gray's defense counsel informed the District Court that:

> We've got so many police officers that testified and that were involved in the events of June 5 that it's my belief that because of the way the case was plead that there should be some reference to those three officers specifically.

Gray's defense counsel then dictated to the District Court the revision to the instruction for assault on a peace officer, adding, following the phrase "That the defendant caused reasonable apprehension of serious bodily injury in a peace officer," the language stating "Specifically, Officer Katie Graham, Officer Russ Robertson, or Officer John Bleile." The District Court then inserted the language dictated by Gray's defense counsel.

¶22 Gray failed to object to the instruction, and further, actively participated in the crafting of the instruction he now challenges. Under these circumstances, and upon consideration of the assault charge at issue and the record herein, we cannot conclude that the exercise of plain error review is necessary to prevent a manifest miscarriage of justice, leave unsettled the question of the trial's fundamental fairness or compromise the integrity of the judicial process. *Finley*, 276 Mont. at 137, 915 P.2d at 215. Therefore, we decline to exercise plain error review of this issue.

¶23 **Did the District Court err in failing to instruct the jury that they must reach an unanimous verdict as to which officer was caused reasonable apprehension of fear?**

¶24 Because we have concluded that we will not exercise plain error review, we need not address this issue.

8

¶25 **Did Gray's defense counsel provide ineffective assistance of counsel in failing to object to the instruction?**

¶26 Gray argues that he received ineffective assistance of counsel when his defense counsel failed to object to and acquiesced to a constitutionally impermissible jury instruction. Gray cites to *State v. Rose*, 1998 MT 342, 292 Mont. 350, 972 P.2d 321, wherein we determined that defense counsel's performance was ineffective because of counsel's failure to offer an accomplice instruction, despite testimony presented by the State from a witness who qualified as an accomplice as a matter of law. *Rose*, ¶ 14. In *Rose*, we concluded that there was no reasonable tactical decision to explain defense counsel's failure to offer the accomplice instruction and, therefore, determined counsel's assistance was deficient. *Rose*, ¶ 18.

¶27 Likewise, Gray contends that no tactical decision existed to explain defense counsel's failure to object to a jury instruction that failed to ensure a unanimous jury and, therefore, his counsel's performance was deficient under the first prong of *Strickland*. Gray also maintains that he was prejudiced by the deficient performance because defense counsel's failure to ensure that the jury would act unanimously violated his constitutional right to an unanimous verdict.

¶28 The State responds by arguing that, unlike *Rose*, Gray's defense counsel did not fail to request a jury instruction but instead, for strategic purposes, requested that the District Court add a clause to Instruction 11a for the purpose of minimizing the testimony of the peace officers who were not mentioned in the Information, and to curtail any potential jury

confusion as to which officers were involved in the alleged assault. In addition, the State argues Gray has not demonstrated prejudice or that the outcome would have been any different because there was uncontroverted testimony and evidence that all three officers were placed in fear for their safety by Gray's actions. Thus, the State claims that because Gray's defense counsel demonstrated a legal strategy for revising Instruction 11a, as he did, and because he has failed to demonstrate prejudice, the Court should reject Gray's ineffective assistance claim.

¶29 Gray was convicted of a single count of assaulting a police officer. All of the officers testified that: (1) they were in shock or in fear for their safety, and (2) each drew their weapons when Gray attacked. Further, the evidence is uncontroverted that Gray rammed his truck into Cars 6, 7,11, and 12, while the officers were nearby. Based on this record, which includes overwhelming evidence of guilt, we cannot conclude that the outcome was prejudiced due to the lack of a specific unanimity instruction in regard to the charge of assault on a peace officer and that Gray was thus denied a fair trial. Consequently, Gray's claim of ineffective assistance of counsel cannot prevail.

¶30 Affirmed.

/S/ JIM RICE

We concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

/S/ W. WILLIAM LEAPHART