DA 07-0182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 53N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHIRLEY RICHEY BLOME,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2005-0733
Honorable Ingrid Gustafson, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General, Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

      Dennis Paxinos, Yellowstone County Attorney, David Carter, Deputy
County Attorney, Billings, Montana


Submitted on Briefs:  February 6, 2008

Decided:  February 13, 2008


Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Shirley Richey Blome (Blome) appeals from her jury conviction of Theft by Embezzlement, a felony, in violation of § 45-6-301(7) and (8)(c), MCA, and Forgery, Common Scheme, a felony, in violation of §§ 45-6-325 and 45-2-101(8), MCA.

¶3    On appeal, Blome raises two issues: (1) did prosecutorial misconduct prevent a fair trial, and (2) did the introduction of the videotape of Blome providing a statement violate the court's orders in limine?

¶4    Blome was a bookkeeper for Willard's Garage, an automotive repair shop. She was charged with embezzlement and forging documents while working for Willard's Garage. As to her first issue she contends that the prosecution spent the entire examination using leading questions and asking for opinion evidence as to who was more credible and who the alleged victim believed was guilty. The State counters, noting that Blome did not object to any of the prosecutor's questions of which she now complains. Section 46-20-104(2), MCA, bars appellate review of alleged errors not objected to at trial, absent specific exceptions set out at § 46-20-701(2)(a)-(c), MCA, none of which are at issue here. We have previously declined to review claims of prosecutorial misconduct

2

not objected to at trial. *See State v. Ogle,* 255 Mont. 246, 250-51, 841 P.2d 1133, 1135-36 (1992); *State v. Raugust,* 2000 MT 146, ¶¶ 35-36, 300 Mont. 54, ¶¶ 35-36, 3 P.3d 115, ¶¶ 35-36.

¶5 As to her second issue, Blome argues that the District Court erred by playing and admitting her videotaped statement in violation of the court's order in limine prohibiting the State from mentioning that Blome was the subject of an Internal Revenue Service investigation. The State points out, however, that prior to the commencement of the trial, the parties met with the court in chambers. There, Blome's counsel informed the court that he believed that the tape was admissible and that the tape itself was not included in his motion in limine. We will not put a district court in error for action in which the appealing party acquiesced or actively participated. *State v. Gray,* 2004 MT 347, ¶ 20, 324 Mont. 334, ¶ 20, 102 P.3d 1255, ¶ 20 (citation omitted). Moreover, we have also held that acquiescence in error takes away the right of objecting to it. *State v. Gardner,* 2003 MT 338 ¶ 44, 318 Mont. 436, ¶ 44, 80 P.3d 1262, ¶ 44, *cert. denied,* 541 U.S. 1034, 124 S. Ct. 2105 (2004).

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and on the record before us that the appeal is without merit—defendant waived her objection to her claim of prosecutorial misconduct by failing to object and she waived her claim of error in the admission of the videotape because her counsel agreed that it was admissible. The legal

issues here are clearly controlled by settled Montana law.  Therefore, we affirm Blome's convictions in this case.

¶7     Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS