FILED

June 9 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0481

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 199N

SHIRLEY RICHEY BLOME,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 08-0948
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Shirley Richey Blome, (self-represented litigant); Billings, Montana

      For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  April 15, 2009

Decided:  June 9, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Shirley Richey Blome appeals the District Court's denial of her petition, which was deemed to be a petition for postconviction relief. Blome was convicted by jury of theft by embezzlement and forgery, common scheme. This Court affirmed Blome's conviction. *State v. Blome*, 2008 MT 53N, 342 Mont. 550, 182 P.3d 762. Blome then filed a document in the District Court entitled Petition in the Nature of Collateral Attack for Relief From a Void Judgment. The State, represented by the Yellowstone County Attorney, moved to intervene and asked the court to deem Blome's petition as one for postconviction relief pursuant to § 46-21-101, MCA. The court granted the State's motion, and thereafter denied Blome's claims, ruling that the District Court had jurisdiction over her original criminal proceeding and that her speedy trial claim was procedurally barred and without merit.

¶3 Blome argues that the District Court violated her rights by granting the State's motion to intervene without giving her an opportunity to respond to the motion. However, Blome has not shown that the State was not a proper party or that her petition should be considered anything other than a petition for postconviction relief, over which

2

a district court has statutory authority to order a response from the State or to dismiss summarily. Further, Blome thereafter filed a Motion to Strike wherein she responded to the motion.

¶4 Blome argues she was denied a speedy trial, relying upon the federal Speedy Trial Act. The District Court ruled that the speedy trial issue could have been raised in Blome's direct appeal and was therefore procedurally barred. *See* § 46-21-105(2), MCA. Further, the State correctly notes that the federal statute applies to federal convictions, not Blome's state convictions.

¶5 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶6 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

3