JUSTICE BAKER
delivered the Opinion of the Court.
¶1 The State charged Ombleo Daniels with felony aggravated burglary, misdemeanor assault, and misdemeanor criminal mischief. Before the close of trial, the State dropped the assault charge. Daniels, who represented himself at trial, proposed a jury instruction on lesser-included offenses of aggravated burglary. The District Court rejected his proposed instruction. A Hill County jury convicted Daniels of aggravated burglary and criminal mischief. Daniels argues on appeal that the court abused its discretion when it refused to instruct the jury on the lesser-included offense of assault.[1]
¶2 We reverse.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In the early morning of November 1,2013, Mark Loney called 9-1-1 and reported that Daniels had kicked in the door to Loney’s apartment and assaulted him. Police officers responded to the scene and observed that Loney’s thin, wooden apartment door “had been broken in” and that the handle was still locked. They observed that Loney was bleeding from a cut on his forehead.
¶4 Daniels’s son and the son’s mother, Rachelle, had stayed at Loney’s apartment the night before, on Halloween. Daniels had expected his son to return to his home after trick-or-treating. When his son did not return, Daniels arrived at Loney’s apartment around 2:30 a.m. and took his son home with him. Daniels returned to Loney’s apartment at around 5:00 a.m. According to Loney, Daniels kicked in the door, approached Loney, who was asleep on the couch in the living room, and began punching Loney in the face.
¶5 The State charged Daniels with felony aggravated burglary under § 45-6-204(2), MCA, misdemeanor assault under § 45-5-201(1)(a), *91 MCA, and misdemeanor criminal mischief under § 45-6-101(1)(a), MCA. Daniels pleaded not guilty to the charges. He chose to represent himself at trial after his counsel withdrew. The District Court appointed standby counsel for Daniels.
¶6 At trial, Daniels disputed Loney’s account that he had kicked down the door to Loney’s apartment and assaulted Loney on the couch. Daniels instead asserted that when he returned to Loney’s apartment at around 5:00 a.m., he knocked on the door, Loney came out of the apartment, and the two began arguing. Daniels testified that Rachelle locked the door behind the two men out of fear. Daniels said that Loney pushed him in the chest, that he pushed Loney back, and that Loney then “started swinging” at Daniels. Daniels testified that he then put Loney in a headlock, and that during the scuffle the two men unintentionally fell through the front door. Daniels testified that he punched Loney twice and then left.
¶7 During the settling of jury instructions, the court expressed concerns about submitting to the jury both the aggravated burglary and misdemeanor assault charges, questioning whether to do so would violate double jeopardy principles. To avoid raising such an issue, the State offered to dismiss the misdemeanor assault charge.
¶8 Daniels proposed a jury instruction that included misdemeanor assault and misdemeanor criminal mischief as lesser-included offenses of aggravated burglary. The court refused to give Daniels’s proposed instruction on the grounds that it misstated the law and that the State had agreed to drop the misdemeanor assault charge. The verdict form included only the offenses of aggravated burglary and criminal mischief. The jury found Daniels guilty of both. The court sentenced him to fifteen years in prison with ten years suspended for the aggravated burglary conviction and to six months in jail with credit for time served for the criminal mischief conviction.
STANDARDS OF REVIEW
¶9 We review a district court’s refusal to give a jury instruction on a lesser-included offense for an abuse of discretion. State v. Jay, 2013 MT 79, ¶ 15, 369 Mont. 332, 298 P.3d 396. We review claims of instructional error in a criminal case to determine whether the jury instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. State v. Shegrud, 2014 MT 63, ¶ 7, 374 Mont. 192, 320 P.3d 455. Because a trial court has broad discretion when instructing a jury, reversible error will occur only if the jury instructions prejudicially affect the defendant’s substantial rights. Shegrud, ¶ 7. A defendant is prejudiced by the failure to give a *92 requested lesser-included offense instruction when the evidence could warrant a jury finding the defendant guilty of a misdemeanor offense instead of a felony. Shegrud, ¶ 18.
DISCUSSION
¶10 Daniels argues that the District Court abused its discretion in refusing to instruct the jury on assault as a lesser-included offense of aggravated burglary. He asserts that assault was a lesser-included offense of aggravated burglary in this case and that the evidence at trial could have supported a conviction of assault instead of aggravated burglary. To the extent that his proposed instruction was incorrectly worded, Daniels argues that the court should have granted him leniency as a pro se defendant and redrafted the instruction to correct the mistakes.
¶11 The State argues that Daniels failed to preserve for appeal his argument that the District Court abused its discretion in denying his proposed instruction because he failed to timely inform the court or the prosecutor that he intended to rely on obtaining a possible conviction of assault as a lesser-included offense of aggravated burglary. It asserts further that the court was not required to construct Daniels’s legal arguments for him, even though he was representing himself. Finally, the State contends that the District Court correctly rejected Daniels’s proposed instruction because it was inconsistent with Daniels’s claim of self-defense and because the charge of assault was unsupported by the evidence.
¶12 In determining whether a district court was obligated to give a proposed lesser-included offense instruction at trial, we apply the two-step approach articulated in State v. Castle, 285 Mont. 363, 368, 948 P.2d 688, 690-91 (1997). Jay, ¶ 39. First, we determine whether, “as a matter of law, the offense for which the instruction is requested is a lesser-included offense of the offense charged.” Jay, ¶ 39. Second, “we determine if the lesser-included instruction is supported by the evidence of the case.” Jay, ¶ 39. If both criteria are met, then the District Court must give the proposed instruction. See Jay, ¶ 42; § 46-16-607(2), MCA. “A lesser-included offense instruction is not supported by the evidence when the defendant’s evidence or theory, if believed, would require an acquittal.” Jay, ¶ 42 (citation and internal quotations omitted).
¶13 The aggravated burglary statute under which Daniels was charged and convicted states in pertinent part:
(2) A person commits the offense of aggravated burglary if the person knowingly enters or remains unlawfully in an occupied *93 structure and:

(ii) the person knowingly or purposely commits any other offense within that structure; and
(b) in effecting entry or in the course of committing the offense or in immediate flight after effecting entry or committing the offense:

(ii) the person purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone.
Section 45-6-204(2), MCA. The misdemeanor assault statute under which the State originally charged Daniels defines assault as “purposely or knowingly [causing] bodily injury to another.” Section 45-5-201(1)(a), MCA.
¶14 A lesser-included offense is defined in part as an offense that “is established by proof of the same or less than all the facts required to establish the commission of the offense charged.” Section 46-1-202(9)(a), MCA. The term “facts” in this statute “refers to the statutory elements of the charged offense and not to the individual facts of the cas e.” Jay, ¶ 40. As charged, aggravated burglary required proof that Daniels “knowingly or purposely commiflted] any other offense within” the structure that he entered unlawfully. Section 45-6-204(2)(a)(ii), MCA. The State’s theory as charged and presented at trial was that Daniels’s assault against Loney constituted the “other offense” required for aggravated burglary. The State did not argue at trial, and does not argue on appeal, that assault was not a lesser-included offense of Daniels’s aggravated burglary charge. Because the assault was charged as the secondary offense for aggravated burglary, we conclude that misdemeanor assault is, “as a matter of law,” a lesser-included offense of Daniels’s aggravated burglary charge. See Jay, ¶ 39; State v. Tellegen, 2013 MT 337, ¶¶ 23-25, 372 Mont. 454, 314 P.3d 902 (discussing theft as incorporated in the charged burglary offense).
¶15 The evidence presented at trial supported an instruction on assault as a lesser-included offense of aggravated burglary. Daniels’s theory of the case was that: (a) he was not the aggressor in the fight but hit Loney in self-defense; and (b) he did not knowingly enter or remain in Loney’s apartment because he and Loney inadvertently fell through the door. Daniels testified that when he returned to Loney’s apartment for the second time at 5:00 a.m., he knocked on the door, Loney came outside, the two men got into a physical fight that Loney provoked by “swinging” at Daniels, and then the two fell through Loney’s apartment door. Daniels told the jury that he had his back to the door and Loney “pushed me and we both came tumbling through *94 the door.” In closing argument, Daniels first addressed the predicate assault offense and the elements of justifiable use of force. Daniels argued that “there is no proof at all that that door got kicked in, because I told you what happened. We fought out there, and we went through the door. And I’m in my rights to protect myself.” He then turned to the elements of aggravated burglary and argued that he did not knowingly enter Loney’s apartment. Daniels told the jury, “Now, the first element is that, did someone go in there into a structure. That’s not proven.” The evidence could have supported Daniels’s argument that he did not knowingly enter or remain in Loney’s apartment even if Loney was not the aggressor in their fight. Daniels therefore was entitled to the lesser-included assault instruction. See Jay, ¶ 39.
¶16 Daniels’s proposed instruction on assault would have given the jury an alternative to convicting him of aggravated burglary if it did not believe that Daniels justifiably used force against Loney but if it did believe that he inadvertently fell through Loney’s apartment door. His claim of self-defense did not bar him from proposing this instruction on assault, and he did not adopt an “all-or-nothing” approach, as the State and the Dissents contend. Instead, he offered alternative theories as to why the jury should acquit him of aggravated burglary—that he did not knowingly enter Loney’s apartment and that he fought with Loney in self-defense. The evidence could have supported the jury in finding that Daniels knocked on Loney’s apartment door, that Loney exited the apartment, and that the two fell through the apartment door while they were fighting—i.e., that Daniels did not “knowingly” enter or remain unlawfully in Loney’s apartment. Section 45-6-204(2), MCA. At the same time, the jury also could have chosen not to believe Daniels’s testimony that Loney instigated the fight by “swinging” at him, and could have concluded instead that Daniels “purposely or knowingly causeldl bodily injury” to Loney. Section 45-5-201(1)(a), MCA. The evidence thus warranted the jury “in finding the defendant guilty of [the] lesser-included offense” of assault. Jay, ¶ 42 (citation and internal quotations omitted). In that case, the evidence would not have “require[d] an acquittal.” Jay, ¶ 42 (citation and internal quotations omitted).
¶17 District courts should “grant wider latitude to pro se litigants” as long as that latitude does not prejudice the other party. State v. Ferre, 2014 MT 96, ¶ 16, 374 Mont. 428, 322 P.3d 1047. In fulfilling his or her duty to “uphold and apply the law,” a judge is allowed to “make reasonable accommodations to ensure self-represented litigants the opportunity to have their matters fairly heard,” including, but not *95 limited to, “liberally construing” the litigant’s pleadings. M. C. Jud. Cond., Rule 2.2. cmt. 5. Daniels’s proposed instruction on assault as a lesser-included offense and his statements made during closing argument were imperfectly articulated. The District Court found fault with Daniels’s proposed instruction because it included both criminal mischief and assault. Daniels does not argue on appeal that both offenses should have been included. But neither the District Court nor the prosecutor suggested that assault was not a lesser-included offense of the charged felony.
¶18 We held in Tellegen that where the State charged theft as a predicate offense to burglary under § 45-6-204(1)(b), MCA, and the jury convicted the defendant of both theft and burglary, the theft conviction should have been vacated under § 46-11-410(2)(a), MCA. Tellegen, ¶ 25. As we noted in a later case, “[t]he same statute specifically provides that, j wlhen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense.’ ” State v. Zink, 2014 MT 48, ¶ 12, 374 Mont. 102, 319 P.3d 596 (quoting § 46-11-410(1), MCA). Under § 46-11-404(3), MCA, “[t]he prosecution is not required to elect between the different offenses set forth in the charging document, and the defendant may be convicted of any number of the offenses charged except as provided in 46-11-410.” Zink, ¶ 12. Thus, the proper course in this case would have been to send the case to the jury as charged, allow the jury to determine whether to convict Daniels of aggravated burglary or assault, and, if the jury checked both of those boxes on the verdict form, to dismiss the assault charge prior to imposing sentence. See Zink, ¶ 13 (noting that “a defendant may be charged in the alternative, so long as he is convicted of only one offense.”). When the District Court identified the concern at the end of trial while settling instructions, neither the District Court nor the prosecutor recognized or discussed this course of action. Although Daniels did not object to the State’s dismissing the assault charge, he did advocate for an instruction under which the jury would have been told to convict him of either the greater or the lesser offense but not both.
¶19 We are not persuaded by the State’s and Justice McKinnon’s contention that Daniels failed to preserve this issue for appeal. Of course, a party “may not raise new arguments or change his legal theory on appeal.” State v. Heath, 2004 MT 58, ¶ 39, 320 Mont. 211, 89 P.3d 947. Yet Daniels’s proposed instruction shows that he requested the court to give the jury the option of convicting him of misdemeanor assault rather than aggravated burglary, regardless of the fact that the State had dropped the assault charge against him. *96 Daniels expressly reiterated to the trial court that he was offering the lesser-included offense instruction even though the State had dismissed the assault charge. And his statements during closing argument reflect this theory ofhis case. Under these circumstances, we decline—as Justice McKinnon would do—to fault Daniels exclusively for failing to see that the instructions and the verdict form laid out the correct path. Dissent, ¶ 35.
¶20 Other than including criminal mischief as an underlying offense, Daniels’s proposed instruction mirrored the pattern instruction on lesser-included offenses. M. Crim. Jury Instr. 1-111 (2009). “Self-represented litigants are still required to comply with the same substantive law and procedural requirements as represented litigants.” M. C. Jud. Cond., Rule 2.2 cmt. 5. The record shows that Daniels, a pro se defendant, expressly proposed an instruction on assault as a lesser-included offense of aggravated burglary and did not withdraw it when asked. That his proposed instruction was imperfectly worded does not mean Daniels was not entitled to a proper instruction. He has not raised new arguments or changed his legal theory on appeal. See Heath, ¶ 39. Daniels therefore is not barred from appealing the denial of his proposed instruction.
¶21 The District Court showed patience with Daniels during the trial and advised him of the procedures he must follow in presenting his case. The court rightly made “reasonable accommodations” by offering to modify two of Daniels’s other proposed instructions regarding justifiable use of force. M. C. Jud. Cond., Rule 2.2 cmt. 5. Daniels complied with procedural requirements by offering a proposed instruction and not withdrawing it. He complied with substantive law because he was entitled to his proposed instruction if the evidence supported it. See Jay, ¶¶ 39, 42. The evidence at trial did support his proposal for the lesser-included offense instruction. The District Court therefore abused its discretion in refusing to instruct the jury on assault or to give the jury the alternative to convict Daniels of that lesser-included offense. Jay, ¶ 15.
CONCLUSION
¶22 The verdict form did not give the jury the option of convicting Daniels of misdemeanor assault. The difference between a conviction of aggravated burglary—a felony that carries a maximum sentence of forty years in prison, § 45-6-204(3), MCA—and a conviction of misdemeanor assault—which carries a maximum penalty of six months in jail, § 45-5-201(2), MCA—is stark. Daniels’s imperfect *97 presentation of his case caused the State only minimal prejudice, because Daniels raised the theory at trial and offered an instruction on it. “Where, as here, a jury could be warranted in finding a defendant guilty of a lesser included offense, the district court is required to give a lesser included offense instruction if requested by [one of] the parties.” Shegrud, ¶ 18 (citing § 46-16-607(2), MCA) (emphasis added). Any prejudice to the State under the circumstances of this case is subordinate to Daniels’s fundamental rights and the requirement that he receive an instruction to which the law entitles him.
¶23 The District Court’s judgment is reversed, and the case is remanded for a new trial consistent with this Opinion.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT, SHEA and SANDEFUR concur.

 Daniels does not appeal his criminal mischief conviction.