Justice Jim Rice delivered the Opinion of the Court.
¶1 *1235 Jacob Freiburg appeals his conviction after jury trial in the First Judicial District Court, Lewis and Clark County, of Criminal Child Endangerment (Child Endangerment) by driving under the influence (DUI), a felony. We reverse and remand, addressing the following issue:
Did the District Court err by refusing to give lesser-included offense instructions for DUI and DUI per se?
FACTUAL AND PROCEDURAL BACKGROUND
¶2 In the evening of August 1, 2015, Deputy Joyce of the Lewis and Clark County Sheriff's Office was patrolling in the area of Canyon Ferry Lake. While at Chinaman's Campground, Deputy Joyce observed Freiburg, driving a green minivan, spinning his tires while accelerating out of a parking spot. Joyce then observed Freiburg drive through the campground, stop, and then accelerate quickly again. Joyce initiated a traffic stop of the van.
¶3 During the stop, Deputy Joyce smelled the odor of an alcoholic beverage coming from Freiburg's breath, and observed that Freiburg's eyes were bloodshot and glassy. Joyce had Freiburg undertake field sobriety tests, which indicated that Freiburg was impaired, though Freiburg stated he had poor balance. Freiburg agreed to take a preliminary breath test, which indicated a .230 blood-alcohol content. During the stop, Freiburg admitted to drinking three or four "tall boy" beers. Freiburg initially agreed to provide a blood sample, but once at the hospital, refused. Because Freiburg had a prior DUI conviction, Joyce obtained a search warrant to obtain a blood sample, which indicated a .199 blood-alcohol content.
¶4 In Freiburg's vehicle were his three children, all under the age of 14, Nichol Goodman, an adult woman, and Goodman's five-year-old daughter. Freiburg's thirteen-year-old son appeared to be intoxicated and became so upset during the stop that officers had to restrain him.
¶5 The State initially charged Freiburg with Child Endangerment by DUI, a felony under § 45-5-628(1)(e), MCA (2013), and driving while suspended and failure to have proof of insurance, misdemeanors. The State later moved to dismiss the misdemeanor charges and to add an alternative count of felony Child Endangerment by driving a motor vehicle with an alcohol concentration of 0.08 or more ("DUI per se "). The State also filed a notice of Persistent Felony Offender.
¶6 At trial, Freiburg challenged the DUI charges, arguing that the field sobriety tests were flawed, and that the blood test did not accurately capture his blood-alcohol content at the time he was driving, because it was administered many hours later. Freiburg's defense also challenged the Child Endangerment charge, positing that there was no danger to the children in the car, based upon testimony from Officer Joyce that Freiburg was cooperative and did not exhibit any signs of unsafe driving other than his accelerated starts on the gravel, and Goodman's testimony that there was nothing about Freiburg's driving that indicated he was impaired or that gave her any fear for the safety of the children in the vehicle. Freiburg argued in both opening and closing that he did not cause substantial risk to the children.
¶7 While setting jury instructions, Freiburg requested instructions on DUI and DUI per se as lesser-included offenses of the respective Child Endangerment charges, prompting an extensive debate between the parties and an extensive analysis by the District Court. The State argued that lesser-included instructions were improper because the defendant's theory-which attacked both the underlying DUI charges and the risk of serious bodily injury under the greater endangerment charge-would, if believed by *1236 the jury, require an outright acquittal, not a conviction for the lesser-included offense. Freiburg responded that while he attacked the DUI, he also presented evidence that he had not caused substantial risk to the children in the car, and thus the jury could convict him of DUI or DUI per se while acquitting him of Child Endangerment. The District Court ultimately declined to give the lesser-included offense instructions, reasoning that because Freiburg challenged the underlying DUI, his defense would result in an acquittal on both the greater and included charges, though noting, "[i]t may be that we're going to have some case at some point that's going to be State versus Freiburg that will clear up some of these elements, but that's my conclusion on the case law that's been presented to me."
¶8 The jury found Freiburg guilty of Child Endangerment by DUI. Citing Freiburg's Persistent Felony Offender status, the District Court expressed an intention to sentence Freiburg to fifteen years with five years suspended, but at Freiburg's request, the District Court sentenced him to fifteen years with no time suspended. Freiburg filed a motion for a new trial, again challenging the District Court's failure to give lesser-included offense instructions, which the District Court denied, reasoning that "at least one of Freiburg's defenses, if accepted by the jury, would lead to an acquittal and therefore Freiburg was not entitled to instructions on lesser-included offenses."
¶9 Freiburg appeals.
STANDARD OF REVIEW
¶10 We review a district court's refusal to give a jury instruction on a lesser-included offense for an abuse of discretion. State v. Daniels , 2017 MT 163, ¶ 9, 388 Mont. 89, 397 P.3d 460 (citing State v. Jay , 2013 MT 79, ¶ 15, 369 Mont. 332, 298 P.3d 396 ). "This court reviews for correctness the legal determinations a lower court makes when giving jury instructions, including whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law." State v. Lackman , 2017 MT 127, ¶ 8, 387 Mont. 459, 395 P.3d 477 (citing State v. Carnes , 2015 MT 101, ¶ 6, 378 Mont. 482, 346 P.3d 1120 ). Reversible error will occur only if the jury instructions prejudicially affect the defendant's substantial rights. Daniels , ¶ 9 (citing State v. Shegrud , 2014 MT 63, ¶ 7, 374 Mont. 192, 320 P.3d 455 ); § 46-20-104, MCA. A defendant is prejudiced by the failure to give a requested lesser-included offense instruction when the evidence could warrant a jury finding the defendant guilty of a misdemeanor offense instead of a felony. Daniels , ¶ 9 (citing Shegrud , ¶ 18 ).
DISCUSSION
¶11 Did the District Court err by refusing to give DUI and DUI per se lesser-included offense instructions?
¶12 Freiburg argues that the District Court erred and prejudiced his substantial rights by refusing his proposed lesser-included offense instructions. He asserts that, while he challenged the DUI and DUI per se offenses at trial, a theory that would have led to a complete acquittal if believed, he also challenged the greater Child Endangerment charge directly by providing evidence and argument that his driving did not "purposely, knowingly, or negligently cause[ ] substantial risk of death or serious bodily injury to a child under 14 years of age," § 45-5-628(1), MCA, and thus was entitled to an instruction allowing him to be acquitted of that charge even if he was found guilty of a lesser offense.
¶13 "A lesser-included offense is defined in part as an offense that 'is established by proof of the same or less than all the facts required to establish the commission of the offense charged.' " Daniels , ¶ 14 (quoting § 46-1-202(9)(a), MCA ). "The term 'facts' in this statute 'refers to the statutory elements of the charged offense and not to the individual facts of the case.' " Daniels , ¶ 14 (quoting Jay , ¶ 40 ). Criminal defendants are entitled to jury instructions that cover every issue or theory having support in the evidence. State v. Castle , 285 Mont. 363, 366-67, 948 P.2d 688, 690 (1997) (citations omitted). "A defendant may be convicted only of the 'greatest included offense about which there is no reasonable doubt.' " Castle , 285 Mont. at 367, 948 P.2d at 690 (quoting *1237 § 46-16-606, MCA ). Thus, under the " Castle test," a trial court must give a proposed lesser-included offense instruction when two factors are met: (1) as a matter of law, the offense for which the instruction is requested is a lesser-included offense of the offense charged; and (2) the proposed lesser-included offense instruction is supported by the evidence in the case. Daniels , ¶ 12 (citations omitted). We have held the second prong is met when there is "some basis from which a jury could rationally conclude that the defendant is guilty of the lesser, but not the greater offense." Castle , 285 Mont. at 369, 948 P.2d at 691.
¶14 Enacted by the Legislature in 2013, Criminal Child Endangerment is a felony offense defined by use of a general umbrella provision, followed by subsections that delineate the specific means a child, for purposes of this crime, can be endangered "by," as follows:
A person commits the offense of criminal child endangerment if the person purposely, knowingly, or negligently causes substantial risk of death or serious bodily injury to a child under 14 years of age by:
...
(e) operating a motor vehicle under the influence of alcohol or dangerous drugs in violation of 61-8-401 [DUI], 61-8-406 [DUI per se ], 61-8-410 [DUI by person under 21], or 61-8-465 [Aggravated DUI] with a child in the vehicle ....
Section 45-5-628(1), MCA.
¶15 The State argues that, while DUI and DUI per se are lesser-included offenses of Child Endangerment, "as a matter of policy, the legislature made the determination that driving under the influence with children under the age of 14 in the vehicle creates a substantial risk of death or serious bodily injury to those children." Under such a reading of § 45-5-628(1)(e), MCA, a defendant who is guilty of a DUI offense, with children under the age of 14 in the vehicle, would also be guilty of Child Endangerment as a matter of law. This position fails to account for the requisite mental states and renders the crime an absolute liability offense upon proof of a DUI offense and the presence of children under 14 years of age in the vehicle. To the contrary, the language of the statute requires that a person "purposely, knowingly, or negligently cause[ ] substantial risk of death or serious bodily injury" to such children, which are additional elements that must be proven. The State observes that it is difficult to imagine a scenario where a person could drive impaired without creating a substantial risk of harm to child passengers, and this may well be true as a practical matter, but the language of the statute accommodates such a possibility, and thus permits a defendant to defend on that ground.[1] Perhaps most illustrative of this point, DUI per se is an absolute liability offense that criminalizes the driving of a vehicle with a blood-alcohol content of 0.08 or more, but requires no proof that the person was actually operating the vehicle with a diminished capacity, or in an otherwise unsafe manner. The Child Endangerment statute additionally requires proof of a mental state and the causing of substantial risk of death or serious bodily injury to a child.[2]
*1238 ¶16 The State also argues under the second prong of the Castle test that Freiburg's theory, if believed, would have resulted in acquittal. The State notes that, because Freiburg attacked the validity of the underlying DUI and DUI per se charges, had the jury accepted his theory, they would have acquitted him of both the greater and lesser-included offenses. Thus, pursuant to the oft-cited principle that "a lesser included offense instruction is not supported by the evidence where the defendant's evidence or theory, if believed, would require an acquittal," State v. Martinez , 1998 MT 265, ¶ 10, 291 Mont. 306, 968 P.2d 705 (citations omitted), the State argues Freiburg was not entitled to lesser-included instructions. The District Court adopted this reasoning in its denial of Freiburg's motion for new trial, concluding that "at least one of Freiburg's defenses, if accepted by the jury, would lead to [complete] acquittal and therefore Freiburg was not entitled to instruction on lesser included offenses."
¶17 After the trial was conducted in this case, we decided Daniels , wherein we held the District Court erred by denying the Defendant's request for a lesser-included instruction where he had offered alternative theories, supported by evidence, one of which would warrant a finding that he was guilty of the lesser offense, but not guilty of the greater offense. Daniels , ¶ 16. There, the charges of felony aggravated burglary and misdemeanor criminal mischief, arising out of a fight that started on a house porch and continued into the house when the participants fell through the front door, were tried to the jury. On the felony, the Defendant requested a lesser-included offense instruction for misdemeanor assault, which was the "other offense" the State had alleged was the predicate for the aggravated burglary charge. The Defendant argued that, for purposes of the assault allegation, he was not the aggressor in the fight, but had acted in self defense. Then, for purposes of the burglary allegation, Defendant argued he had not knowingly entered the premises. Daniels , ¶ 15. We reasoned:
Daniels's proposed [lesser-included] instruction on assault would have given the jury an alternative to convicting him of aggravated burglary if it did not believe that Daniels justifiably used force against Loney but if it did believe that he inadvertently fell through Loney's apartment door. His claim of self-defense did not bar him from proposing this instruction on assault, and he did not adopt an "all-or-nothing" approach .... Instead, he offered alternative theories as to why the jury should acquit him of aggravated burglary -that he did not knowingly enter Loney's apartment and that he fought with Loney in self-defense. The evidence could have supported the jury in finding that Daniels knocked on Loney's apartment door, that Loney exited the apartment, and that the two fell through the apartment door while they were fighting-i.e., that Daniels did not "knowingly" enter or remain unlawfully in Loney's apartment. Section 45-6-204(2), MCA. At the same time, the jury also could have chosen not to believe Daniels's testimony that Loney instigated the fight by "swinging" at him, and could have concluded instead that Daniels "purposely or knowingly cause[d] bodily injury" to Loney. Section 45-5-201(1)(a), MCA.
Daniels , ¶ 16 (emphasis added). We thus concluded that "[t]he evidence could have supported Daniels's argument that he did not knowingly enter or remain in Loney's apartment even if Loney was not the aggressor in their fight. Daniels therefore was entitled to the lesser-included assault instruction." Daniels , ¶ 15.
¶18 Likewise, Freiburg presented alternative theories supported by the evidence, and did not adopt an "all or nothing" approach. Similar to Daniels' attack upon the predicate assault allegation, Freiburg attacked the underlying DUI offenses by challenging the element of diminished capacity and the blood test results. The jury could have believed he was not DUI, leading to an acquittal of the greater Child Endangerment charge. Alternatively, *1239 Freiburg's evidence regarding the lack of impairment or any unsafe driving-while relevant to his DUI defense-was also separately relevant to his defense to the greater charge of "purposely, knowingly, or negligently caus[ing] substantial risk of death or serious bodily injury to a child under 14 years of age ...." Section 45-5-628(1), MCA. As in Daniels , Freiburg separately attacked the greater charge with sufficient evidence to permit the jury to find him not guilty of that offense, while also permitting a finding that he was nonetheless guilty of a DUI offense. As he argued in closing:
But [ ] the one thing, the one thing throughout hours and hours of testimony that you have not heard, not one word about this, is anything, not one ounce of evidence presented by the prosecutor in this case of the crucial thing, and that is that [ ] driving, this driving by Jacob Freiburg, in any way caused a substantial risk of anyone dying or a substantial risk of anyone seriously injured, serious bodily injury .... No one was put at risk, substantial risk of death or substantial risk of serious bodily injury ... So he has to be found not guilty because he didn't put anyone in substantial risk of death or serious bodily harm.
Thus, given the way Freiburg tried the case, there was "some basis from which a jury could rationally conclude that the defendant is guilty of the lesser, but not the greater offense," and he was entitled to lesser-included instructions. Castle , 285 Mont. at 369, 948 P.2d at 691. The State argues that a jury could not rationally convict Freiburg of DUI or DUI per se without also finding that he committed Child Endangerment, but we conclude that Freiburg's evidence made it rationally possible for a jury to be unpersuaded by his DUI defense while also persuaded that he did not purposely, knowingly, or negligently cause substantial risk of death or serious injury to the children in the vehicle.
¶19 It remains generally true that " '[a] lesser-included offense instruction is not supported by the evidence when the defendant's evidence or theory, if believed, would require an acquittal.' " Daniels , ¶ 12 (citing Jay , ¶ 42 ). However, when a defendant presents an alternative theory, supported by evidence, which would, if believed, require acquittal of a higher charge, but nonetheless permit conviction on a lesser-included offense, then he satisfies the Castle test and is entitled to a lesser-included offense instruction. Daniels , ¶ 15. "It is a fundamental rule in this state that a criminal defendant is entitled to jury instructions that cover every issue or theory having support in the evidence." Castle , 285 Mont. at 366, 948 P.2d at 690 (citations omitted).
¶20 Reversed and remanded.[3]
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.

Likewise, the State can assert that a person's impaired driving itself constitutes a substantial risk of harm to child passengers, as it did here.

This is consistent with how the jury was instructed in this case, with additional listing of the elements for mental state and causing substantial risk. On the first count, Child Endangerment by DUI, the instruction stated:
To convict the Defendant of the offense of Count I, criminal child endangerment, the State must prove the following elements:
That the Defendant:
1. purposely, knowingly, or negligently
2. caused substantial risk of death or serious bodily injury to a child
3. the child was under 14 years of age
By:
4. operating a motor vehicle
5. upon the ways of this state open to the public
6. while under the influence of alcohol
7. with a child in the vehicle.
If you find from your consideration of the evidence that all of these elements have been proven beyond a reasonable doubt, then you should find the Defendant guilty.
If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt then you should find the Defendant not guilty.
A similar instruction was given for the alternative charge of Child Endangerment by DUI per se.

Having reversed on this issue, we need not address the sentencing issues that Freiburg has raised on appeal.