FILED

03/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0645

DA 23-0645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 49

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JESSIE JAMES STANDIFUR,

      Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. BDC-2023-21
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

     For Appellee:

        Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

        Kevin Bratcher, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs:  January 28, 2026

Decided:  March 10, 2026

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1    Jessie James Standifur appeals the order of the First Judicial District Court, Broadwater County, denying his motion to dismiss Count I of the Information charging him with criminal possession of dangerous drugs, methamphetamine, in violation of § 45-9-102(1), MCA.  Standifur contends that after he entered his guilty plea to Count II, criminal possession of drug paraphernalia in violation of § 45-10-103, MCA, Montana's "same transaction" rule and statutory double-jeopardy protections—§ 46-11-503(1)(b), MCA—barred further prosecution of Count I.  We address the following restated issue:

> *Whether § 46-11-503(1)(b), MCA, bars continued prosecution of an unresolved count when all charges were filed in a single criminal proceeding and the defendant has pleaded guilty to other counts charged in that criminal proceeding.*

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2    On May 22, 2023, the State charged Standifur by Information in the First Judicial District Court, Broadwater County, with four offenses arising from a single traffic stop on May 10, 2023:  (1) criminal possession of dangerous drugs (methamphetamine), a felony, in violation of § 45-9-102(1), MCA; (2) criminal possession of drug paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA; (3) displaying fictitious license plates; and (4) driving without a valid driver's license.

¶3    The charges were based on the discovery of a glass pipe in Standifur's jacket pocket containing methamphetamine residue.  The pipe formed the basis of Count II, possession

2

of drug paraphernalia, and the residue on the pipe formed the basis of Count I, possession of dangerous drugs.

¶4     At a bail hearing, on June 16, 2023, Standifur entered a plea of guilty to Counts II, III, and IV.  He did not change his plea to Count I.  During the plea colloquy, Standifur admitted that he possessed the glass pipe and used it to smoke methamphetamine, and that the residue found in the pipe was the same substance underlying the felony charge.

¶5     Immediately following the entry of the misdemeanor pleas, Standifur moved to dismiss Count I, arguing that continued prosecution of the felony charge violated Montana's same-transaction rule and statutory double-jeopardy provisions because both counts arose from the same transaction and shared the same criminal objective.

¶6     The District Court denied the motion by written order dated July 20, 2023.  The court reasoned that, (1) although Counts I and II arose from the same transaction, Standifur had not been subjected to multiple prosecutions; and (2) the two offenses were distinct under Montana's elements-based test.  Standifur subsequently entered a conditional plea to Count I, reserving his right to appeal the denial of his motion to dismiss.  The court imposed sentences on Counts I and II to run concurrently.  This appeal followed.

## STANDARD OF REVIEW

¶7     We review de novo a district court's ruling on a motion to dismiss based on statutory double-jeopardy grounds.  *State v. Kopp*, 2011 MT 125, ¶ 7, 360 Mont. 501, 255 P.3d 160; *State v. Dunne*, 2022 MT 226, ¶ 7, 410 Mont. 444, 519 P.3d 1255.  Statutory interpretation is a question of law that we review for correctness.  *State v. Zunick*, 2014 MT 239, ¶ 10,

3

376 Mont. 293, 339 P.3d 1228.  Accordingly, no deference is owed to the District Court's legal conclusions.

**DISCUSSION**

*Whether § 46-11-503(1)(b), MCA, bars continued prosecution of an unresolved count when all charges were filed in a single criminal proceeding and the defendant has pleaded guilty to other counts charged in that criminal proceeding.*

**I.  Section 46-11-503(1)(b), MCA, does not bar prosecution because no "conviction" existed when Standifur moved to dismiss Count I.**

¶8      Standifur's principal argument is that § 46-11-503(1)(b), MCA, barred further prosecution of Count I once he entered his guilty plea to Count II.  That statute provides, in relevant part:

> [w]hen two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if . . . the *former prosecution resulted in a conviction* that has not been set aside, reversed, or vacated.

Section 46-11-503(1)(b), MCA (emphasis added).

¶9      By its plain terms, § 46-11-503(1)(b), MCA, applies only when a former prosecution has resulted in a conviction and a subsequent prosecution is brought.  To that end, we have determined that § 46-11-503(1)(b), MCA, bars prosecution only when specific statutory criteria are satisfied.  In *State ex rel. Booth v. Twenty-First Judicial Dist.*, 1998 MT 344, ¶¶ 17-18, 292 Mont. 371, 972 P.2d 325, we identified those criteria as requiring that: (1) two or more offenses were known to the prosecutor; (2) the offenses were supported by probable cause; (3) the offenses were consummated prior to the original charge; (4) the

4

former prosecution resulted in a conviction that has not been set aside, reversed, or vacated; and (5) jurisdiction and venue of all offenses lie in a single court.[1]

¶10　In *Booth*, we explained that the statute's "jurisdiction and venue . . . in a single court" requirement may be dispositive in cases where concurrent jurisdiction depends on whether offenses arise out of the "same transaction." *Booth*, ¶¶ 17-18. Here, unlike *Booth*, jurisdiction and venue of all charged offenses lie in a single court because the State filed all counts in a single Information in district court. The dispositive statutory prerequisite is therefore whether the "former prosecution resulted in a conviction."

¶11　Standifur's argument that his guilty pleas to Counts II, III, and IV barred the prosecution as to Count I fails because § 46-11-503(1)(b), MCA, requires that "the former prosecution resulted in a conviction," and no such conviction existed when he moved to dismiss Count I.

¶12　Montana law defines a "conviction" as "a judgment or sentence entered upon a guilty or nolo contendere plea or upon a verdict or finding of guilty rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Section 46-1-202(7), MCA (2021). A guilty plea alone does not constitute a conviction; judgment or sentence must be entered.

---

[1] In *Booth*, the fight was over criterion five (single-court jurisdiction/venue), and we treated that as resolving the "same transaction" dispute in that setting (because concurrent jurisdiction depended on "same transaction"), but, here, criterion five is not in dispute because all charges were filed in a single Information in district court, which plainly had jurisdiction and venue over them.

¶13 When Standifur filed his motion to dismiss Count I, he had entered guilty pleas to Counts II-IV but had not yet been sentenced, and no judgment had been entered on those counts. Because no conviction had occurred within the meaning of § 46-1-202(7), MCA, there was no "former prosecution result[ing] in a conviction" as required by § 46-11-503(1)(b), MCA. Standifur therefore failed to satisfy the fourth statutory criterion necessary to bar prosecution, and the District Court did not err in denying his motion to dismiss Count I.

**II. Section 46-11-503(1)(b), MCA, addresses a former prosecution and does not convert an unresolved count within a single Information into a subsequent prosecution.**

¶14 Section 46-11-503(1)(b), MCA, presupposes a completed prosecution that has resulted in a conviction. A defendant's partial resolution of a multi-count Information does not create a separate "former prosecution" for purposes of the statute. We need not define the outer boundaries of that principle here, however, because § 46-11-503(1)(b) independently requires a conviction, and none existed when Standifur filed his motion. The District Court therefore did not err in denying dismissal on this ground.

**III. Even when offenses arise from the same transaction, § 46-11-410, MCA, permits conviction for each offense unless one offense is included in the other.**

¶15 Because this case involves multiple offenses charged in a single prosecution, the governing statute is § 46-11-410, MCA. That statute provides, "[w]hen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense. A defendant may not, however, be

6

convicted of more than one offense if one offense is included in the other." Section 46-11-410(1), (2)(a), MCA.

¶16 The parties agree that Counts I and II arose from the same transaction. That does not end the inquiry. Under § 46-11-410, MCA, the dispositive question is whether one offense is included in the other. The inquiry is elements-based; it does not turn on factual overlap or a shared criminal objective.

¶17 An "included offense" is defined as one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 46-1-202(9)(a), MCA. In applying this definition, we examine the statutory elements of the offenses—not the particular evidence presented in a given case. *State v. Daniels*, 2017 MT 163, ¶ 14, 388 Mont. 89, 397 P.3d 460; *State v. Jay*, 2013 MT 79, ¶ 40, 369 Mont. 332, 298 P.3d 396.

¶18 Criminal possession of dangerous drugs under § 45-9-102(1), MCA, requires proof that a person knowingly or purposely possessed a dangerous drug. It does not require proof of possession of drug paraphernalia or intent to use any particular object to ingest the drug. Criminal possession of drug paraphernalia under § 45-10-103, MCA, requires proof that a person used or possessed with intent to use drug paraphernalia to introduce a dangerous drug into the human body. It does not require proof that the person knowingly or purposely possessed a dangerous drug; indeed, the statute does not require proof of the presence of a measurable quantity of a dangerous drug at all.

¶19    It is possible to commit the offense of possession of dangerous drugs without possessing drug paraphernalia.  It is likewise possible to commit the offense of possession of drug paraphernalia without possessing a dangerous drug.  Each offense requires proof of an element the other does not.  Because each offense contains statutory elements not required by the other, possession of drug paraphernalia is not a lesser-included offense of possession of dangerous drugs.  Section 46-11-410, MCA, therefore permits conviction for both offenses arising from the same transaction.

**IV.  *Kopp* does not compel a different result.**

¶20    Standifur relies heavily on *Kopp*.  In *Kopp*, the defendant was first cited and convicted in justice court for possession of drug paraphernalia and later charged in district court for possession of dangerous drugs arising from the same incident.  *Kopp* involved separate prosecutions and thus fell squarely within the ambit of §§ 46-11-503 and -504, MCA.

¶21    Here, by contrast, all charges were brought together in a single Information in one district court.  The structural predicate for applying § 46-11-503—multiple prosecutions— is absent.  Contrary to Standifur's assertion that "whether there is one information or two makes no real difference," the statutory text of § 46-11-503(1)(b), MCA, expressly requires a former prosecution resulting in a conviction.  That prerequisite was satisfied in *Kopp* but is absent here.

¶22    Moreover, *Kopp* did not hold that possession of drug paraphernalia is a lesser-included offense of possession of dangerous drugs.  Nothing in *Kopp* collapses the

8

distinction between § 46-11-503 (serial prosecutions) and § 46-11-410 (multiple offenses in one prosecution). We decline to extend it in that manner.

## CONCLUSION

¶23　Section 46-11-503(1)(b), MCA, does not bar the State from prosecuting Count I of the Information filed against Standifur simply because he entered guilty pleas to Counts II-IV charged in the same Information.

¶24　At the time Standifur moved to dismiss Count I, no conviction had been entered on Counts II-IV within the meaning of § 46-1-202(7), MCA. Section 46-11-503(1)(b), MCA, therefore did not bar the State from continuing to prosecute Count I. Because § 46-11-410, MCA, permits conviction for multiple offenses arising from the same transaction unless one offense is included in the other—and possession of drug paraphernalia is not included in possession of dangerous drugs—the District Court properly denied Standifur's motion to dismiss.

¶25　Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

Chief Justice Cory J. Swanson has recused himself and took no part in these proceedings.

9